## WISEMAN v. COLLINS.   (No. 1998.)

(Court of Civil Appeals of Texas.  Amarillo. June 14, 1922.)

**Appeal and error ⬅🠖1010(1)—Judgment must be affirmed where there is ample evidence to support findings.**

Where the sole questions raised by appellant on appeal are upon the findings of fact, and there is ample testimony to support the findings, the judgment must be affirmed.

Appeal from Hartley County Court; W. R. Slaton, Judge.

Suit by John A. Wiseman against E. S. Collins. Judgment for defendant, and plaintiff appeals. Affirmed.

R. E. Stalcup, of Dalhart, for appellant.

Veale & Lumpkin, of Amarillo, for appellee.

HALL, J. The sole questions raised by the appellant are upon the findings of fact. His insistence is that the evidence is insufficient to support the court's findings or that the findings are against the preponderance of the evidence. The appellant sued to recover damages in the sum of $800 alleged to be due him by reason of appellee's breach of contract to receive from appellant 2,000 bushels of maize, which it is alleged the appellee had purchased early in the fall. The findings of the court and the facts disclose that after their verbal negotiations they called an employee in the bank and the appellee made the following memorandum: "About 2,000 bu. maize at threshing time, at 1.40 per 100 lbs."—delivering it to her with the statement that it was a memoranda of a contract which they had made. The lady to whom it was delivered wrote upon it as follows: "Contract. E. S. Collins and John Wiseman." This is in no sense a written contract. Without verbal testimony the notation made upon the slip of paper by the appellee is meaningless. There is testimony to the effect that Wiseman was to begin threshing and delivering the grain within 10 days after the memorandum was made. The

---

⬅🠖For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

maize was not tendered to Collins until about the 15th of December. The evidence is conflicting upon the main issues, but there is ample testimony in the record to support the court's findings. This being the state of the record, the judgment must be affirmed.